
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERTO JOSE COREA-SALAZAR, AKA Roberto Corea-Gomez, AKA Roberto Gomez, AKA Roberto C. Gomez, AKA Roberto Jose Salazar Gomez, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 10-73895 <br><br> Agency No. A070-451-837 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 10, 2014[**]
San Francisco, California

Before: O'SCANNLAIN, THOMAS, and McKEOWN, Circuit Judges.

Roberto Corea-Salazar, a native and citizen of Nicaragua, petitions for

review of the Board of Immigration Appeals's ("BIA") decision dismissing his

appeal of an order by an immigration judge ("IJ") denying his applications for

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

asylum, withholding of removal, CAT protection, and voluntary departure. We have jurisdiction pursuant to 8 U.S.C. § 1252.

Because the BIA conducted its own review of the evidence and the law, our review is limited to the BIA's decision, except to the extent that the IJ's opinion has been expressly adopted. *Hosseini v. Gonzalez*, 471 F.3d 953, 957 (9th Cir. 2006). "We review constitutional claims and questions of law *de novo* and review factual findings under the deferential substantial evidence standard, treating them as 'conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Lopez-Cardona v. Holder*, 662 F.3d 1110, 1111 (9th Cir. 2011) (quoting 8 U.S.C. § 1252(b)(4)(B)).

We deny the petition for review. Because the parties are familiar with the factual and procedural history of this case, we need not recount it here.

I

To be eligible for asylum in the United States, an applicant must establish that he or she has a "well-founded fear of persecution" in his or her home country "on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1158(b)(1). Here, the BIA determined that Corea-Salazar failed to establish a well-founded fear of persecution on account of

either his religious beliefs or his political beliefs. These determinations are supported by substantial evidence.

Corea-Salazar became a Mormon three years after left Nicaragua and has not presented any evidence which suggests that he has ever been persecuted on account of his religion. Although he asserted generally that the Nicaraguan government was repressive of Mormon missionary work, he did not present any specific evidence to support that assertion. Nor did he present specific evidence to counter the IJ's factual finding, later adopted by the BIA, that the Nicaraguan government routinely grants visas to foreign missionaries, including Mormons. Accordingly, the record contains substantial evidence to support the BIA's determination that Corea-Salazar did not establish an objectively well-founded fear of persecution on the basis of his Mormon faith.

Unlike with his application for asylum based on his religious beliefs, Corea-Salazar presented evidence showing that he suffered past persecution in Nicaragua based on his actual or imputed political beliefs. Specifically, he presented evidence that he had been arrested, interrogated, and forced to go into hiding by members of the military due to his participation in pro-Sandinista demonstrations during the final years of the Somoza regime. Although this evidence of past persecution gave rise to a presumption of well-founded fear, the BIA held that the

government ultimately succeeded in rebutting that presumption with evidence of changed country conditions. *Deloso v. Ashcroft*, 393 F.3d 858, 863-64 (9th Cir. 2005). In particular, the BIA cited the IJ's undisputed factual finding that the Somoza regime was no longer in power and that the Sandinistas are currently the governing party in Nicaragua. Corea-Salazar failed to present specific evidence showing that his past persecution would compel a reasonable fact-finder to conclude that he has a well-founded fear of political persecution by the Sandinistas. *See* 8 C.F.R. § 1208.13(b)(1) ("If the applicant's fear of future persecution is unrelated to the past persecution, the applicant bears the burden of establishing that the fear is well-founded."). Therefore, he has not met his burden to show that he is eligible for asylum.

Because Corea-Salazar failed to meet the lower burden of proof required to show that he is eligible for asylum, he has not met the higher burden of proof required to show that he is eligible for withholding of removal. *Fisher v. INS*, 79 F.3d 955, 960-61 (9th Cir.1996) (en banc) (holding that an applicant who has not satisfied the standard of proof required to establish eligibility for asylum necessarily fails to satisfy the more stringent standard required to establish eligibility for withholding of removal).

Nor has he met the burden required to be eligible for protection under CAT. To establish eligibility for relief under this provision, an applicant must show that "'he is more likely than not to suffer intentionally-inflicted cruel and inhuman treatment that either (1) is not lawfully sanctioned by that country or (2) is lawfully sanctioned by that country, *but* defeats the object and purpose of CAT.'" *Nuru v. Gonzales*, 404 F.3d 1207, 1221 (9th Cir. 2005) (quoting *Wang v. Ashcroft*, 320 F.3d, 134 (2d Cir. 2003)). We have held that "country conditions alone can play a decisive role in granting relief under [CAT]." *Kamalthas v. INS*, 251 F.3d 1279, 1280, 1283 (9th Cir. 2001). Here, Corea-Salazar has not identified any specific evidence which would compel the conclusion that, under current country conditions, he would be subject to government-sanctioned torture if he returned to Nicaragua.

## II

The BIA's decision to deny voluntary departure was discretionary. AR 3 ("[B]ased on our *de novo* review of issues of discretion, the Immigration Judge's findings of fact establish that the respondent does not warrant the favorable exercise of discretion necessary for a grant of voluntary departure."). We therefore lack jurisdiction to review that decision. 8 U.S.C. § 1229c(f) ("No court shall have jurisdiction over an appeal from denial of a request for an order of voluntary

-5-

departure under subsection (b) of this section, nor shall any court order a stay of an alien's removal pending consideration of any claim with respect to voluntary departure."); *Esquivel-Garcia v. Holder*, 593 F.3d 1025, 1030 (9th Cir. 2010).

**DENIED IN PART and DISMISSED IN PART**.