**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GIL T. ABADEJOS, AKA Gil Abaoejos, Petitioner, v. ERIC H. HOLDER, Jr., Attorney General, Respondent. | No. 13-71697 Agency No. A074-351-845 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 18, 2014[**]

Before:    LEAVY, FISHER, and N.R. SMITH, Circuit Judges.

Gil T. Abadejos, a native and citizen of the Philippines, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") order of removal.  Our jurisdiction is governed

by 8 U.S.C. § 1252.  We review de novo questions of law.  *Coronado v. Holder*,

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

759 F.3d 977, 982 (9th Cir. 2014). We deny in part and dismiss in part the petition for review.

The agency correctly concluded that Abadejos's 2012 drug-possession conviction under California Health & Safety Code § 11377(a) is for a controlled-substance violation that renders him statutorily ineligible for adjustment of status as an alien inadmissible to the United States under 8 U.S.C. § 1182(a)(2)(A)(i)(II), where a modified-categorical analysis of the criminal complaint, read in conjunction with the minute order, establishes that Abadejos's conviction relates to the federally controlled substance of methamphetamine. *See id.* at 985-86 (reading a criminal complaint in conjunction with the court minutes to conclude that the petitioner's conviction under section 11377(a) related to methamphetamine); *see also Esquivel-Garcia v. Holder*, 593 F.3d 1025, 1029-30 (9th Cir. 2010) ("[A]n alien can only be *eligible* for adjustment of status if the alien is '*admissible* to the United States for permanent residence.'" (citation omitted)).

We lack jurisdiction to consider Abadejos's unexhausted contention that the IJ did not afford him enough time to seek post-conviction relief. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) ("We lack jurisdiction to review legal claims not presented in an alien's administrative proceedings before the BIA.").

13-71697

We also lack jurisdiction to review in these proceedings Abadejos's request for release from immigration custody on the condition of bond. *See* 8 U.S.C. § 1226(e); 8 C.F.R. § 1003.19(d); *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**