**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

ERNESTO ESQUIVEL-GARCIA,
                    *Petitioner,*

v.

ERIC H. HOLDER JR., Attorney
General,
                    *Respondent.*

No. 07-70640

Agency No.
A029-283-455

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
December 9, 2009—Pasadena, California

Filed January 28, 2010

Before: David R. Thompson and Barry G. Silverman,
Circuit Judges, and Susan R. Bolton,* District Judge.

Opinion by Judge Thompson

*The Honorable Susan R. Bolton, United States District Judge for the District of Arizona, sitting by designation.

---

**COUNSEL**

Sylvia Rivera, Los Angeles, California, for the petitioner.

David Schor, Department of Justice, Washington, D.C., for the respondent.

---

**OPINION**

THOMPSON: Senior Circuit Judge:

The petitioner seeks review of the Board of Immigration Appeals' ("BIA") denial of his requests for cancellation of removal, adjustment of status and voluntary departure. We grant the petition for review of the denial of the request for cancellation of removal, and remand that request to the BIA for further consideration. We deny the petition for review of the denial of the requests for adjustment of status and for voluntary departure. In addition, we deny the petitioner's ineffective assistance of counsel claim, as the petitioner can raise this issue in a motion to reopen.

**BACKGROUND**

The petitioner, a native and citizen of Mexico, was removable for having entered the United States without inspection on or about October 1, 1992. He conceded removability and applied for adjustment of status, cancellation of removal, and, in the alternative, voluntary departure.

At a 2004 hearing, an immigration judge ("IJ") questioned the petitioner about a 1989 conviction. The record before the IJ indicated the petitioner had been convicted of possession of a controlled substance under California Health & Safety Code § 11350, but did not identify the substance. Under oath before the IJ, the petitioner testified:

| IJ: | . . . [W]hat were you convicted of? |
|---|---|
| | . . . |
| Petitioner: | Possession of drugs. |
| IJ: | Possession of drugs. What kind of drugs? |
| Petitioner: | In the house, the house where I was (indiscernible). |
| IJ: | What kind of drugs? |
| Petitioner: | I think it was heroin. |

Thereafter, the IJ pretermitted petitioner's applications for cancellation of removal and adjustment of status. According to the IJ, the petitioner was statutorily ineligible for these forms of relief because the record and testimony established that the petitioner had been "convicted of violating a state law relating to a controlled substance," a disqualifying offense under 8 U.S.C. § 1182(a)(2)(A)(i)(II) of the Immigration and Nationality Act ("INA"). The petitioner was discretionarily denied voluntary departure. The BIA affirmed in a three-paragraph order.

The petitioner timely filed, pro se, a petition for review by this court. We granted a stay of removal and appointed pro bono counsel, who filed a replacement opening brief.

**DISCUSSION**

## I.  Cancellation of Removal

The petitioner can only be eligible for cancellation of removal if he "has not been convicted of an offense under [§ 1182(a)(2)]." 8 U.S.C. § 1229b(b)(1)(C). Section 1182(a)(2) includes, as a disqualifying offense, a violation of "any [State] law . . . relating to a controlled substance (as defined [by the federal Controlled Substances Act]). 8 U.S.C. § 1182(a)(2)(A)(i)(II). Here, the IJ and BIA determined that the petitioner's 1989 conviction under California Health & Safety Code § 11350 constituted a disqualifying controlled substance conviction. The petitioner concedes he suffered a controlled substance conviction, but he challenges the disqualifying nature of that offense.

We review de novo the question whether a conviction involves a controlled substance offense affecting removability. *Cazarez-Gutierrez v. Ashcroft*, 382 F.3d 905, 909 (9th Cir. 2004).

**[1]** To determine if the petitioner's California Health & Safety Code § 11350 conviction constitutes a controlled substance offense under 8 U.S.C. § 1182(a)(2)(A)(i)(II), we apply the two-step analysis of *Taylor v. United States*, 495 U.S. 575, 110 (1990). The *Taylor* analysis requires us to determine whether the state statute of conviction is "categorically" a disqualifying controlled substance offense under the INA. *Suazo Perez v. Mukasey*, 512 F.3d 1222, 1225 (9th Cir. 2008). To make this determination, we ask whether the "full range of conduct" criminalized by the state statute falls within the disqualifying offense. *Id.*

**[2]** The petitioner asserts that California Health & Safety Code § 11350 proscribes more substances than the disqualifying offense. Respondent does not disagree. Thus, we presume the statute is categorically overbroad and we proceed to the

second step of *Taylor*—the modified categorical approach. *See Suazo Perez v. Mukasey*, 512 F.3d at 1226.

**[3]** Under the modified categorical approach, we look beyond the statute of conviction to consider "a narrow, specified set of documents that are part of the record of conviction" to determine whether petitioner was convicted of the disqualifying offense. *Tokatly v. Ashcroft*, 371 F.3d 613, 620 (9th Cir. 2004). In conducting this analysis, we are "generally limited to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *Shepard v. United States*, 544 U.S. 13, 16 (2005).

Here, both parties submitted a "Criminal History Transcript" describing petitioner's 1989 conviction as: "11350 HS-POSSESS NARCOTIC CONTROL SUBSTANCE; -CONVICTED -PROB/JAIL; FELONY; SEN: 036 MONTHS PROBATION, 131 DAYS JAIL." Even if this document is judicially noticeable under *Shepard v. United States*, the document fails to identify the controlled substance involved in the petitioner's conviction. Thus, the record is inconclusive as to whether the petitioner's conviction involved a relevant controlled substance.

**[4]** Under our intervening decision in *Sandoval-Lua v. Gonzales*, 499 F.3d 1121, 1129-30 (9th Cir. 2007), an alien who seeks to prove eligibility for cancellation of removal can meet his or her initial burden by pointing to an inconclusive record of conviction. The petitioner did that in this case. The record of conviction is inconclusive because it does not disclose the nature of the controlled substance, and the petitioner's testimony that he thought the substance was heroin does not alter the record of conviction. Under our decision in *Sandoval-Lua*, the result of this is that the government has the burden of going forward to prove that the controlled substance the petitioner possessed was heroin or some other con-

trolled substance under 8 U.S.C. § 1182(a)(2)(A)(i)(II). The government did not do this, because neither it, the IJ nor the BIA had the benefit of our decision in *Sandoval-Lua*, which we now have.

**[5]** We thus remand to the BIA for further proceedings consistent with *Sandoval-Lua* to permit the government to put forth reliable evidence to show that the petitioner was convicted of a disqualifying controlled substance offense. *See Cheuk Fung S-Yong v. Holder*, 578 F.3d 1169, 1174, 1176 (9th Cir. 2009) ("The government bears the burden of proving by 'clear, unequivocal, and convincing evidence that the facts alleged as grounds for [removability] are true.' " (quoting *Gameros-Hernandez v. INS*, 883 F.2d 839, 841 (9th Cir. 1989))).

## II.   Adjustment of Status

An alien who is "physically present in the United States," but who "entered the United States without inspection," may be eligible to apply to the Attorney General for an adjustment of status. 8 U.S.C. § 1255(i)(1).[1] If this relief is granted, the alien need not leave the country, but rather his or her status is adjusted to that of a lawful permanent resident. *Landin-Molina*, 580 F.3d at 915.

**[6]** Adjustment of status is a discretionary form of relief. *See* 8 U.S.C. § 1255(i)(2) ("[T]he Attorney General *may* adjust the status of [an otherwise eligible] alien." (emphasis added)). However, an alien can only be *eligible* for adjustment of status if the alien is "*admissible* to the United States

---

[1]We note that "[8 U.S.C. § 1255(i)] expired on April 30, 2001, and, at present, its benefits are available only to those aliens who qualify as having been 'grandfathered' into the provision." *Landin-Molina v. Holder*, 580 F.3d 913, 915 (9th Cir. 2009) (citing 8 C.F.R. § 245.10(b)). The petitioner is grandfathered in because he is the beneficiary of an I-130 petition filed before April 30, 2001.

for permanent residence." 8 U.S.C. § 1255(i)(2)(A) (emphasis added); *but see* 8 U.S.C. § 1182(h) (authorizing the Attorney General to waive certain bases of inadmissibility).

**[7]** The INA renders inadmissible any alien (1) "convicted of," or (2) "*who admits having committed*," or (3) "who admits committing acts which constitute the essential elements of" a violation of state law relating to a controlled substance offense under the federal Controlled Substances Act. 8 U.S.C. § 1182(a)(2)(A)(i)(II) (emphasis added). *Compare Romero v. Holder*, 568 F.3d 1054, 1057 (9th Cir. 2009) (requiring a controlled substance *conviction* to establish ineligibility for cancellation of removal, although related admissions were relevant to moral character).

Thus, under 8 U.S.C. § 1182(a)(2)(A)(i)(II), admissions made by an alien to the IJ, enforcement officials, and third parties, apart from any conviction, may be considered to determine an alien's admissibility when considering the question of adjustment of status. *See, e.g.*, *Pazcoguin v. Radcliffe*, 292 F.3d 1209, 1218 (9th Cir. 2002) (considering alien's admissions to a doctor and immigration officers).

In this case, the petitioner established prima facie eligibility for an adjustment of status because he is the beneficiary of an I-130 petition that was filed on or before April 30, 2001. *See* 8 U.S.C. § 1255(i)(1)(B)(i); *Agyeman v. INS*, 296 F.3d 871, 879 n.2 (9th Cir. 2002) ("The approved I-130 provides prima facie evidence that the alien is eligible for adjustment as an immediate relative of a United States citizen."). That caused the burden of production to be shifted to the government. *See Pazcoguin v. Radcliffe*, 292 F.3d at 1213. The government relies on proof of the petitioner's 1989 guilty plea, his conviction, and his statement to the IJ as to the nature of the substance he pleaded guilty to possessing.

**[8]** It is undisputed that the petitioner pleaded guilty to possession of a narcotic controlled substance under California

law. The petitioner also told the IJ "I think [the possessed substance] was heroin." The IJ found that this statement established that the controlled substance which the petitioner pleaded guilty to possessing was in fact heroin. The petitioner left this factual determination unchallenged. There was thus sufficient evidence to support the IJ's finding that the petitioner had possessed a disqualifying controlled substance, and that precluded adjustment of status. We, therefore, deny the petition for review of the denial of such relief.

### III.  Voluntary Departure and Ineffective Assistance of Counsel

**[9]** We also deny the petition for review of the denial of the request for voluntary departure. We lack jurisdiction to review this discretionary determination. 8 U.S.C. § 1229c(f); *Galeana-Mendoza v. Gonzales*, 465 F.3d 1054, 1056 n.5 (9th Cir. 2006). We also deny the petition as to any ineffective assistance of counsel claim, as the petitioner does not dispute that he can raise this issue before the agency in a motion to reopen. *See Liu v. Waters*, 55 F.3d 421, 426 (9th Cir. 1995).

### CONCLUSION

We GRANT the petition for review as to the denial of petitioner's request for cancellation of removal and REMAND that question to the BIA for further proceedings consistent with this opinion. We DENY the petition for review as to the denial of the requests for adjustment of status and for voluntary departure. We also DENY, for lack of jurisdiction, the petition to review at this time the ineffective assistance of counsel claim.

**GRANTED** in part and **REMANDED** for further proceedings; **DENIE**D in part.

The parties shall bear their own costs for this petition for review.