**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARTIN RASCON QUEZADA, | No. 08-71875 |
| Petitioner, | Agency No. A077-395-330 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 19, 2010[**]

Before:    B. FLETCHER, REINHARDT, and WARDLAW, Circuit Judges.

Martin Rascon Quezada, a native and citizen of Mexico, petitions for review

of the Board of Appeals' ("BIA") decision dismissing his appeal from an

immigration judge's order denying his application for adjustment of status.  We

have jurisdiction under 8 U.S.C. § 1252.  We review de novo the BIA's legal

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

determinations. *Ramirez-Altamirano v. Holder*, 563 F.3d 800, 804 (9th Cir. 2009). We grant the petition for review.

The BIA concluded that Rascon-Quezada was ineligible to adjust status because the government adduced evidence to show he may be inadmissible under 8 U.S.C. § 1182(a)(2)(A)(i)(II) and he failed to meet his burden of proof to rebut that. This conclusion is erroneous in light of *Pazcoguin v. Radcliffe*, 292 F.3d 1209, 1216 (9th Cir. 2002) (holding that when immigration officials failed to provide an alien with a definition and the essential elements of the crime of possession, the BIA should not have considered the alien's admission) and *Esquivel-Garcia v. Holder*, 593 F.3d 1025, 1030-31 (9th Cir. 2010) (stating that in the context of removal, the burden of production is shifted to the government when an alien seeking adjustment has an approved I-130).

The BIA's reliance on the police testimony is inapposite, as the officer's description of the arrest does not constitute an admission by an alien of acts which constitute the essential elements of a violation of controlled substance laws of acts. *See* 8 U.S.C. § 1182(a)(2)(A)(i)(II).

We cannot determine if the BIA made a decision based on discretion in this case. Due process requires remanding matters back to the BIA when this court

cannot determine on which grounds the BIA based its decision.  *See Lanza v.*

*Ashcroft*, 389 F.3d at 927-28 (9th Cir. 2004).

**PETITION FOR REVIEW GRANTED; REMANDED**.