**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE JOAQUIN GUTIERREZ, | No. 09-73087 |
| Petitioner, | Agency No. A078-018-624 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 20, 2011[**]

Before:     RYMER, THOMAS, and PAEZ, Circuit Judges.

Jose Joaquin Gutierrez, a native and citizen of Mexico, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order denying his motion to

reopen. We have jurisdiction udner 8 U.S.C. § 1252. We review for abuse of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

discretion the denial of a motion to reopen, *Ray v. Gonzales*, 439 F.3d 582, 586 (9th Cir. 2006), and we deny the petition for review.

In its order denying his motion to reopen based on ineffective assistance of counsel, the BIA noted that Gutierrez had failed to provide criminal records to rebut his prior admission before the immigration judge that he had two controlled substance convictions. The BIA thus concluded that even assuming arguendo that Gutierrez's prior counsel failed to perform with sufficient competence, Gutierrez could not demonstrate prejudice because his convictions rendered him inadmissable under 8 U.S.C. § 1182(a)(2)(A)(i)(II) and therefore ineligible for adjustment of status under 8 U.S.C. § 1255(i)(2)(A).

In his opening brief, Gutierrez argues for the first time that he was not actually convicted of any controlled substance offenses and presents this court with conviction records to support this argument. We may not consider these conviction documents in deciding the petition for review as they are not part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 964 (9th Cir. 1996) (en banc) (evidence outside record may be considered only if the BIA considered it, or if the BIA abused its discretion in denying motion to consider it).

Because Gutierrez did not demonstrate prejudice before the BIA, the BIA did not abuse its discretion in denying his motion to reopen based on the record

before it. *See Ortiz v. INS*, 179 F.3d 1148, 1153 (9th Cir. 1999) (no prejudice where petitioner failed to describe the evidence that his counsel incompetently failed to introduce)*; see also Esquivel-Garcia v. Holder*, 593 F.3d 1025, 1030 (9th Cir. 2010) (approving reliance on an alien's admission that he had been convicted of a controlled substance offense in denying application for adjustment of status).

**PETITION FOR REVIEW DENIED.**

09-73087