**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 06 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NAGIH AL SHOJA, | No. 07-74261 |
| Petitioner, | Agency No. A072-412-439 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 31, 2011[**]
San Francisco, California

Before: FISHER and RAWLINSON, Circuit Judges, and WU, District Judge.[***]

Petitioner Nagih Al Shoja (Al Shoja) petitions this court for review of a

Board of Immigration Appeals' (BIA) decision affirming the immigration judge's

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]   The Honorable George H. Wu, U.S. District Judge for the Central District of California, sitting by designation.

(IJ) denial of his requests for asylum, withholding of removal, and relief pursuant to the Convention Against Torture (CAT). Al Shoja also challenges the BIA's denial of his motion to reopen premised on ineffective assistance of counsel, and the denial of cancellation of removal and voluntary departure.

1. Substantial evidence supported the BIA's denial of Al Shoja's requests for asylum and withholding of removal based on its adverse credibility determination, as there were numerous material inconsistencies between Al Shoja's applications and his testimony. *See Rizk v. Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011) ("Major inconsistencies on issues material to the alien's claim of persecution constitute substantial evidence supporting an adverse credibility determination. . . .") (citation omitted); *see also Don v. Gonzales*, 476 F.3d 738, 742-45 (9th Cir. 2007).

2. Substantial evidence supported the BIA's denial of Al Shoja's CAT claim given its adverse credibility determination and Al Shoja's failure to present any evidence warranting CAT relief. *See Shrestha v. Holder*, 590 F.3d 1034, 1048-49 (9th Cir. 2010). The IJ and BIA gave sufficient consideration to Al Shoja's medical and mental conditions when denying his CAT claim. *See Don*, 476 F.3d at

2

744 ("The [BIA] adequately articulated [its] decision and did not abuse its discretion by failing to interpret the evidence in the manner advocated by [Al Shoja].").

3.     Applying the requisite due process standard, the BIA properly denied Al Shoja's motion to reopen because Al Shoja failed to demonstrate that his counsel was ineffective or that "the proceeding [was] so fundamentally unfair that [Al Shoja was] prevented from reasonably presenting [his] case." *Torres-Chavez v. Holder*, 567 F.3d 1096, 1100 (9th Cir. 2009) (citation omitted).

4.     Although Al Shoja challenges the IJ's moral character determination, the IJ alternatively held that Al Shoja failed to demonstrate the requisite extreme hardship.  We lack jurisdiction to review the IJ's extreme hardship determination. *See Tampubolon v. Holder*, 610 F.3d 1056, 1063 (9th Cir. 2010), *as amended*. Therefore, we do not reach Al Shoja's moral character arguments.

5.     "We lack jurisdiction to review this discretionary [denial of voluntary departure] determination. . . ." *Esquivel-Garcia v. Holder*, 593 F.3d 1025, 1030 (9th Cir. 2010) (citations omitted).

**Petition Denied.**