**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| OSCAR ENRIQUE AGUILAR-LINARES, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 10-72454 <br><br> Agency No. A099-628-708 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 13, 2014
Pasadena, California

Before: WARDLAW and FISHER, Circuit Judges, and DAWSON, District Judge.[**]

Oscar Aguilar-Linares, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") decision. The BIA dismissed

Aguilar's appeal of an Immigration Judge's ("IJ") order of removal and denial of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Kent J. Dawson, District Judge for the U.S. District Court for the District of Nevada, sitting by designation.

his motion to suppress a Form I-44. Because "the BIA conduct[ed] a *de novo* review and issue[d] its own decision," we review only the BIA's decision. *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We have jurisdiction under 8 U.S.C. § 1252(a).

The BIA erred by failing to analyze whether the Form I-44 "was obtained by deliberate violations of the Fourth Amendment or by conduct a reasonable officer should know is in violation of the Constitution." *Lopez-Rodriguez v. Mukasey*, 536 F.3d 1012, 1016 (9th Cir. 2008) (quoting *Orhorhaghe v. INS*, 38 F.3d 488, 493 (9th Cir. 1994)) (internal quotation marks omitted). Instead, the BIA applied the test for the admissibility of evidence in removal proceedings, asking whether the evidence was probative, and its use fundamentally fair. *See Matter of Barcenas*, 19 I. & N. Dec. 609, 611 (BIA 1988). The BIA failed to analyze whether Border Patrol Agent Pritchard or the Riverside County Sheriff's deputies committed an egregious Fourth Amendment violation to obtain the information contained in the Form I-44. Furthermore, the BIA's conclusion that the I-44 is "clearly probative" is irrelevant to the analysis because "under both *Lopez-Mendoza* and controlling Ninth Circuit law, a fundamentally unfair Fourth Amendment violation is considered egregious *regardless* of the probative value of the evidence obtained." *Gonzalez-Rivera v. INS*, 22 F.3d 1441, 1451 (9th Cir. 1994) (emphasis added).

2

Because the BIA applied the incorrect legal standard, we remand this petition so the BIA can "first determine whether the agents violated the Fourth Amendment," and if they did, next "determine whether the agents committed the violations deliberately or by conduct a reasonable officer should have known would violate the Constitution." *Lopez-Rodriguez*, 536 F.3d at 1016 (quoting *Orhorhaghe*, 38 F.3d at 493) (internal quotation marks omitted).

We lack jurisdiction to review the denial of Aguilar's request for voluntary departure. *See Esquivel-Garcia v. Holder*, 593 F.3d 1025, 1030 (9th Cir. 2010).

**PETITION DISMISSED IN PART; GRANTED IN PART; REMANDED.**