**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| TELMA JUDITH RAMIREZ GREGORIO,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 12-70658<br><br>Agency No. A075-588-097<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 9, 2014 [**]
Portland, Oregon

Before: PREGERSON, PAEZ, and WATFORD, Circuit Judges.

Telma Judith Ramirez Gregorio ("Ramirez Gregorio"), a native and citizen

of Guatemala, petitions for review of a Board of Immigration Appeals ("BIA")

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

order denying her motion to reopen. We have jurisdiction under 8 U.S.C. § 1252. We grant the petition in part, dismiss in part, and remand.

The BIA abused its discretion in denying Ramirez Gregorio's motion to reopen. Ramirez Gregorio presented significant evidence of changed country conditions in Guatemala. *See* 8 C.F.R. § 1003.2(c)(3)(ii). This evidence showed that femicide in Guatemala has increased significantly in the years since Ramirez Gregorio's removal proceedings. Thus, we grant Ramirez Gregorio's petition for review with respect to her motion to reopen, based on changed country conditions in Guatemala. *See Toufighi v. Mukasey*, 538 F.3d 988, 996 (9th Cir. 2008); *Malty v. Ashcroft*, 381 F.3d 942, 945-46 (9th Cir. 2004).

We lack jurisdiction over Ramirez Gregorio's other claims for relief. *See Vilchiz-Soto v. Holder*, 688 F.3d 642, 644 (9th Cir. 2012) (order) (no jurisdiction over exercise of prosecutorial discretion); *Mejia-Hernandez v. Holder*, 633 F.3d 818, 823-24 (9th Cir. 2011) (no jurisdiction over BIA's decision not to reopen proceedings sua sponte); *Esquivel-Garcia v. Holder*, 593 F.3d 1025, 1030 (9th Cir. 2010) (no jurisdiction over denial of voluntary departure). Thus, we dismiss the petition with respect to these claims

2

We GRANT Ramirez Gregorio's petition in part, DISMISS in part, and REMAND for proceedings consistent with this disposition. The government shall bear the costs of this petition for review.

**GRANTED in part; DISMISSED in part; REMANDED.**