**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANDRES CRUZ-HERNANDEZ, | No. 11-71304 |
| Petitioner, | Agency No. A099-625-060 |
| v. | |
| ERIC H. HOLDER, JR., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 12, 2014[**]
Pasadena, California

Before: GRABER, GOULD, and CALLAHAN, Circuit Judges.

Petitioner Andres Cruz-Hernandez petitions for review of the Board of

Immigration Appeals' ("BIA") dismissal of his appeal from the immigration

judge's entry of a final order of removal. For the reasons that follow, we deny the

petition in part and dismiss it in part.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

1.  Substantial evidence supports the BIA's adverse credibility determination.  See Garcia v. Holder, 749 F.3d 785, 789 (9th Cir. 2014) (stating the standard of review).  The BIA correctly pointed out that Petitioner's testimony on important topics both was internally inconsistent and conflicted with his own declaration.  See generally Ren v. Holder, 648 F.3d 1079, 1084–85 (9th Cir. 2011) (discussing inconsistent testimony and adverse credibility determinations).

2.  Reviewing de novo, Martinez-Medina v. Holder, 673 F.3d 1029, 1033 (9th Cir. 2011), we hold that the BIA properly denied Petitioner's motion to suppress the Form I-213.  The admission of the Form was "fundamentally fair," Espinoza v. INS, 45 F.3d 308, 310 (9th Cir. 1995), and Petitioner's constitutional rights were not violated—egregiously or otherwise.

3.  We lack jurisdiction to consider the BIA's discretionary denial of voluntary departure.  Esquivel-Garcia v. Holder, 593 F.3d 1025, 1030 (9th Cir. 2010).

**Petition DENIED in part and DISMISSED in part.**

2