**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JORGE MARTINEZ, | No. 10-73015 |
| Petitioner, | Agency No. A094-318-047 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 10, 2015[**]

Before:     FARRIS, WARDLAW, and PAEZ, Circuit Judges.

Jorge Martinez, a native and citizen of El Salvador, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for withholding of removal

and protection under the Convention Against Torture ("CAT").  Our jurisdiction is

_____

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to consider Martinez's challenge to the agency's discretionary denial of his application for voluntary departure. *See Esquivel-Garcia v. Holder*, 593 F.3d 1025, 1030 (9th Cir. 2010).

Substantial evidence supports both the BIA's determination that Martinez failed to establish a nexus between any harm he suffered and fears and a protected ground, *see Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (a "desire to be free from . . . random violence by gang members bears no nexus to a protected ground"), and the BIA's finding that he failed to show it is more likely than not any harm would occur, *see Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (future persecution too speculative). Thus, Martinez's withholding of removal claim fails.

Finally, substantial evidence supports the BIA's denial of Martinez's CAT claim because he failed to establish it is more likely than not he would be tortured by or with the consent or acquiescence of the government of El Salvador if

returned. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008). Thus, Martinez's CAT claim fails.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**