**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EBRAHIMA KABBA, | No. 12-72416 |
| Petitioner, | Agency No. A079-267-249 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 9, 2015[**]
Seattle, Washington

Before: FERNANDEZ, RAWLINSON, and CALLAHAN, Circuit Judges.

Ebrahima Kabba, a native of Sierra Leone, petitions for review of a decision

of the Board of Immigration Appeals (BIA) affirming an Immigration Judge's (IJ)

denial of his application for asylum, withholding of removal, and protection under

the Convention Against Torture. Kabba claims that he suffered past persecution

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

because of his refusal to join the Revolutionary United Front (RUF). The IJ denied relief because Kabba failed to establish past persecution based on a protected ground or a well-founded fear of persecution if returned to Sierra Leone.[1] The BIA agreed and denied all relief. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review in part and dismiss it in part.

This court reviews questions of law de novo. *Annachamy v. Holder*, 733 F.3d 254, 258 (9th Cir. 2012), *overruled on other grounds by Abdisalan v. Holder*, 774 F.3d 517, 526 (9th Cir. 2014). The BIA's findings of fact are reviewed for substantial evidence and "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Jie Cui v. Holder*, 712 F.3d 1332, 1336 (9th Cir. 2013). An applicant may be granted asylum if he has suffered past persecution or has a well-founded fear of future persecution on account of a protected ground: race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. §§ 1101(a)(42)(A), 1158(b)(1)(A); 8 C.F.R. § 1208.13(b).

1. To establish eligibility for asylum based on past persecution in a pre-REAL ID case, an applicant must show that his persecutors "were motivated, at

---

[1] The IJ also made an adverse credibility determination, however, as the BIA did not rely upon that determination, we do not review it. *See Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010).

2

least in part, by a protected ground." *Sinha v. Holder*, 564 F.3d 1015, 1021 (9th Cir. 2009) (alterations omitted).  Where an applicant is resisting recruitment by a paramilitary organization, he must establish that he has been targeted for persecution because of a protected ground, rather than his refusal to fight for the organization.  *I.N.S. v. Elias-Zacarias*, 502 U.S. 478, 483 (1992); *see also Pedro-Mateo v. I.N.S.*, 224 F.3d 1147, 1151 (9th Cir. 2000) ("When great numbers of civilians in disputed areas are forcibly conscripted by both sides in a guerilla war . . . . [t]o qualify for asylum . . . an alien's predicament must be 'appreciably different from the dangers faced by the alien's fellow citizens.'") (quoting *Vides-Vides v. I.N.S.*, 783 F.2d 1463, 1469 (9th Cir. 1986)).

The BIA's decision that Kabba failed to establish past persecution on account of a protected ground is supported by substantial evidence.  Kabba alleges that the RUF wanted him to join its ranks, but did not allege that he was persecuted on the basis of race, nationality, or social group.  He admits that neither he nor his family were ever involved in any political advocacy or organization.  Kabba claims he resisted the RUF because of his religious beliefs, but does not argue that the RUF targeted him on the basis of his religion.  Because Kabba failed to establish that he was targeted by the RUF on account of his religious or political beliefs, the

BIA did not err by concluding that he failed to establish past persecution on a protected ground.

2.     The BIA also concluded that Kabba had no well-founded fear of persecution if returned to Sierra Leone.  Kabba has not clearly challenged this determination and thus appears to have waived this argument.  *See Armentero v. I.N.S.*, 412 F.3d 1088, 1095 (9th Cir. 2005) ("Failure to raise an argument in an opening brief constitutes waiver . . . .").  Even if not waived, Kabba has not offered any evidence that would compel this court to reach a different conclusion.  *See* 8 U.S.C. § 1252(b)(4)(B); *Jie Cui*, 712 F.3d at 1336.  Because Kabba failed to establish either past persecution or a well-founded fear of persecution if returned to Sierra Leone, the BIA correctly determined that Kabba is ineligible for asylum.

3.     The BIA also did not err by denying Kabba's claim for humanitarian relief.  An applicant who has experienced past persecution, but has no present well-founded fear of persecution, may obtain asylum if he demonstrates compelling reasons for being unwilling or unable to return to his country arising out of the severity of the past persecution.  8 C.F.R. § 1208.13(b)(1)(iii)(A); *see also Sowe v. Mukasey*, 538 F.3d 1281, 1287 (2008).  Because Kabba failed to demonstrate past persecution, his claim for humanitarian relief also fails.

4. It is unclear whether Kabba seeks review of the BIA's denial of withholding of removal. However, even if he has not waived this claim, *see Armentero*, 412 F.3d at 1095, the BIA did not err. Where the claim for withholding of removal is based on the same facts as the claim for asylum, failure to establish eligibility for asylum results in failure to demonstrate eligibility for withholding of removal, *Jie Cui*, 712 F.3d at 1338 n.3 (citing *Halaim v. I.N.S.*, 358 F.3d 1128, 1132 (9th Cir. 2004)). Kabba offers no additional bases to support his claim for withholding of removal, therefore it necessarily fails.

5. Kabba did not address the BIA's denial of his claim for protection under the Convention Against Torture, thus the claim is waived. *Id.* (holding claims for relief under the Convention Against Torture that were not addressed in the petitioner's opening brief were waived); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 919 (9th Cir. 2001) ("[I]ssues which are not specifically and distinctly argued and raised in a party's opening brief are waived.").

6. Finally, this court lacks jurisdiction to review the discretionary denial of Kabba's request for voluntary departure. 8 U.S.C. § 1229c(f); *Esquivel-Garcia v. Holder*, 593 F.3d 1025, 1030 (9th Cir. 2010).

The petition for review is **DISMISSED** in part and **DENIED** in part.