**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| OSCAR ADAY GOMEZ, | No. 14-72557 |
| Petitioner, | Agency No. A095-720-878 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 20, 2016[**]

Before:     CANBY, TASHIMA, and NGUYEN, Circuit Judges.

Oscar Aday Gomez, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") order denying voluntary departure.  We have

jurisdiction under 8 U.S.C. § 1252.  We review de novo constitutional claims.

---

   [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

   [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

*Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We dismiss in part and deny in part the petition for review.

To the extent Gomez contends that the agency abused its discretion in denying his application for voluntary departure, we lack jurisdiction to review that discretionary determination. *See* 8 U.S.C. §§ 1229c(f), 1252(a)(2)(B)(i); *Esquivel-Garcia v. Holder*, 593 F.3d 1025, 1030 (9th Cir. 2010).

We lack jurisdiction to review Gomez' unexhausted contentions that the IJ exhibited bias against him and prevented him from submitting evidence. *See Velasco-Cervantes v. Holder*, 593 F.3d 975, 978 n.3 (9th Cir. 2010), overruled on other grounds by *Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc) (citation to legal authority, without presenting a corresponding argument in either the BIA brief or notice of appeal, is "completely insufficient to put the BIA on notice of the argument"). Accordingly, Gomez' contention that the BIA ignored his claim of IJ bias is without merit, where he failed to raise that contention before the BIA.

To the extent Gomez contends the BIA erred or violated due process by failing to consider his general due process claim, that contention is without merit. Because the claim Gomez presented to the BIA was simply that the IJ violated due process by abusing her discretion in denying his application for voluntary

2                                                    14-72557

departure, the BIA's determination that the IJ did not abuse her discretion in denying voluntary departure was dispositive and sufficiently addressed Gomez' claim.

Gomez' general contention that the BIA did not provide sufficient reasoning and detail in dismissing his appeal is not supported by the record. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) ("What is required is merely that [the BIA] consider the issues raised, and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." (citation and quotation marks omitted)).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**