**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 2 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE LEYVA CRUZ,<br><br>Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>Respondent. | No. 13-71594<br><br>Agency No. A072-668-382<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 24, 2016**

Before:    LEAVY, FERNANDEZ, and RAWLINSON, Circuit Judges.

Jose Leyva Cruz, a native and citizen of Guatemala, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, protection under the Convention Against Torture ("CAT"), and voluntary

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without
oral argument.  *See* Fed. R. App. P. 34(a)(2).

departure. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-84 (9th Cir. 2006). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's conclusion that even if Leyva Cruz had established past persecution, a showing of changed conditions in Guatemala rebutted any presumption of a well-founded future fear of persecution. *See Sowe v. Mukasey*, 538 F.3d 1281, 1286 (9th Cir. 2008) (substantial evidence supported agency's conclusion that changed country conditions rebutted presumption of a well-founded fear). Thus, we deny the petition as to Leyva Cruz's asylum claim.

Because Leyva Cruz failed to establish eligibility for asylum, his withholding of removal claim necessarily fails. *See Zehatye*, 453 F.3d at 1190 (petitioner's burden of proof for withholding of removal is more demanding than asylum).

Substantial evidence also supports the agency's denial of CAT relief because Leyva Cruz did not establish it is more likely than not he would be tortured at the instigation of, or with the acquiescence of, the Guatemalan government. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

13-71594

We reject Leyva Cruz's contention that the BIA erred in refusing his request for a remand.

Finally, Leyva Cruz did not raise a constitutional or legal claim regarding the agency's denial of voluntary departure, and we therefore lack jurisdiction to review that discretionary determination. *See* 8 U.S.C. § 1229c(f); *see also Esquivel-Garcia v. Holder*, 593 F.3d 1025, 1030 (9th Cir. 2010).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**