**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TOMAS TUFINO-PLUMA,<br><br>               Petitioner,<br><br>  v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>               Respondent. | No.   16-71528<br><br>Agency No. A205-710-547<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 13, 2018[**]

Before:    LEAVY, FERNANDEZ, and MURGUIA, Circuit Judges.

Tomas Tufino-Pluma, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, relief under the Convention Against Torture ("CAT"), and voluntary

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

departure. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the agency's discretionary denial of voluntary departure. *See Esquivel-Garcia v. Holder*, 593 F.3d 1025, 1030 (9th Cir. 2010); *Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005) (absent a colorable legal or constitutional claim, the court lacks jurisdiction to review discretionary determinations).

Substantial evidence supports the agency's determination that Tufino-Pluma failed to establish a nexus between the harm he fears and a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence . . . bears no nexus to a protected ground."). Thus, we deny the petition as to Tufino-Pluma's asylum and withholding of removal claims.

Substantial evidence supports the agency's denial of CAT relief because Tufino-Pluma failed to establish it is more likely than not he would be tortured by or with the consent or acquiescence of the Mexican government. *See Aden v. Holder*, 589 F.3d 1040, 1047 (2009).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

2