**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 18 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GUSTAVO HERNANDEZ, | No. 13-73528 |
| Petitioner, | Agency No. A075-668-095 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 11, 2018[**]
Pasadena, California

Before: ROGERS,[***] BYBEE, and WATFORD, Circuit Judges.

Gustavo Hernandez petitions to review the reinstatement of an order of

removal, arguing that the initial removal order should not have been imposed on

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable John M. Rogers, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

him. Because Hernandez cannot challenge his previous removal order in this collateral manner, we deny the petition for review.

To uphold the reinstatement of an order of removal against a petitioner, a court must confirm that "(1) petitioner is an alien, (2) who was subject to a prior removal order, and (3) who illegally reentered the United States." *Morales-Izquierdo v. Gonzales*, 486 F.3d 484, 495 (9th Cir. 2007) (en banc) (citing 8 U.S.C. § 1231(a)(5); 8 C.F.R. § 241.8). It is not disputed that Hernandez is an alien, that he was subject to the 2001 removal order entered against him, and that he then illegally reentered the United States. Those facts are enough to confirm that this reinstatement of Hernandez's removal order was permissible.

Hernandez objects to this analysis at its second step, contending that the 2001 removal order should not have been entered against him. This is not a permissible position in this context, however. The reinstatement statute "specifically bars relitigation of the merits of the reinstated removal order." *Villa-Anguiano v. Holder*, 727 F.3d 873, 877 (9th Cir. 2013) (citing 8 U.S.C § 1231(a)(5)). Hernandez's claims about the impropriety of the 2001 removal order are nothing more than merits objections to the 2001 order, and Hernandez cannot wield such a collateral attack in this petition for review of the reinstatement.

It is true that a court may review an underlying removal order despite the general prohibition on collateral challenges "if the petitioner can show that he has

suffered a 'gross miscarriage of justice' in the initial deportation proceeding." *Garcia de Rincon v. Dep't of Homeland Sec.*, 539 F.3d 1133, 1138 (9th Cir. 2008) (quoting *Debeato v. Attorney Gen. of U.S.*, 505 F.3d 231, 235 (3d Cir. 2007)). But no such gross miscarriage occurred here. Hernandez argues that at the time of his 2001 removal hearing, he was potentially eligible to have adjusted his immigration status pursuant to Immigration and Nationality Act § 245(i), 8 U.S.C. 1255(i), and that the hearing judge erred in ordering Hernandez removed, possibly without having informed him of this possibility. But this argument is built on several layers of speculation. "Adjustment of status is a *discretionary* form of relief," *Esquivel-Garcia v. Holder*, 593 F.3d 1025, 1029 (9th Cir. 2010) (emphasis added), in which the agency's discretion is broad and largely non-reviewable, *see Medina-Morales v. Ashcroft*, 371 F.3d 520, 525 (9th Cir. 2004) (citing 8 U.S.C. § 1252(a)(2)(B)), and even an approved petition "does not make an alien automatically eligible for adjustment of status," since that alien must also meet requirements such as the existence of an "immediately available" immigrant visa, *Diaz-Covarrubias v. Mukasey*, 551 F.3d 1114, 1116 (9th Cir. 2009). Even if Hernandez is correct that the 2001 hearing judge did not but could have informed him of § 245(i)'s existence, Hernandez therefore still would have had to overcome numerous hurdles for § 245(i)'s protections to have applied.

The fact of Hernandez's potential eligibility in 2001 for § 245(i) adjustment is not enough to prove that the 2001 removal proceeding rose to the level of a "gross miscarriage of justice," such that Hernandez can attack the resulting removal order. Further militating against a finding that there was a gross miscarriage of justice is the absence of any timely appeal by Hernandez of his underlying order of removal. The 2001 hearing judge's possible failure to have informed Hernandez of § 245(i)'s existence does not suffice to show that Hernandez's removal order was based on a gross miscarriage of justice, and Hernandez has no other grounds to challenge the reinstatement of that order.

The petition for review is denied.