NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JULIO RENE PONCE RODRIGUEZ, | No. 15-72055 |
| Petitioner, | Agency No. A095-199-966 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 9, 2018[**]
San Francisco, California

Before: GRABER and TALLMAN, Circuit Judges, and LEMELLE,[***] District Judge.

Julio Rene Ponce Rodriguez, a native and citizen of El Salvador, petitions

for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[***] The Honorable Ivan L.R. Lemelle, United States District Judge for the Eastern District of Louisiana, sitting by designation.

from an immigration judge's ("IJ") order denying his applications for withholding, deferral, and cancellation of removal, as well as adjustment of status. We review questions of law *de novo* and review factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1. Rodriguez first alleges that the IJ and BIA erred by denying his application for withholding of removal under the Convention Against Torture ("CAT") because he has not been convicted of a "particularly serious crime." Under 8 U.S.C. § 1231(b)(3)(B)(ii), aliens convicted of particularly serious crimes are barred from obtaining withholding of removal under CAT. "[A] 'particularly serious crime' determination is inherently discretionary and is to be reviewed under the abuse-of-discretion standard." *Pechenkov v. Holder*, 705 F.3d 444, 448 (9th Cir. 2012).

Rodriguez asserts that the IJ erred by not analyzing whether Petitioner is a "danger to the community." But we have held that "[t]he applicable legal standard for determining whether the alien has committed a particularly serious crime no longer requires the BIA to engage 'in a separate determination to address whether the alien is a danger to the community.'" *Anaya-Ortiz v. Holder*, 594 F.3d 673, 679 (9th Cir. 2010) (quoting *In Re N-A-M-*, 24 I. & N. Dec. 336, 342 (B.I.A.

2

2007)).  Thus, because the agency applied the correct legal standard, *see Delgado v. Holder*, 648 F.3d 1095, 1107 (9th Cir. 2011) (en banc), we cannot say that it abused its discretion in finding that Petitioner's conviction for assault with a deadly weapon under California Penal Code § 245(a)(1) was a "particularly serious crime," *see Pechenkov*, 705 F.3d at 448.

2.  Rodriguez next contends that the IJ and BIA erred in holding that he is ineligible for deferral of removal under CAT because (1) he provided evidence concerning the ineffectiveness of the Salvadoran government in stopping torture and (2) they failed to consider the entire record.  "To be eligible for deferral of removal under the CAT, the applicant must establish that he would more likely than not be tortured at the instigation of, or with the consent or acquiescence of, a public official."  *Cole v. Holder*, 659 F.3d 762, 780 (9th Cir. 2011) (citing 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1)).  Although "[i]t is enough [to show acquiescence] that public officials . . . simply stood by because of their inability or unwillingness to oppose it," *Ornelas-Chavez v. Gonzales*, 458 F.3d 1052, 1060 (9th Cir 2006), "a general ineffectiveness on the government's part to investigate and prevent crime will not suffice to show acquiescence," *Andrade–Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016).

Here, substantial evidence supported the IJ's determination that Salvadoran officials had not acquiesced to torture and were actively fighting street gangs in El

Salvador.  Furthermore, the IJ expressly considered all relevant evidence regarding the government's purported acquiescence, *see Almaghzar v. Gonzales*, 457 F.3d 915, 922 (9th Cir. 2006), and our review of the record does not establish that "any reasonable adjudicator would be *compelled* to conclude to the contrary," *Cole*, 659 F.3d at 780 (quoting 8 U.S.C. § 1252(b)(4)(B)).

3.  Rodriguez also argues that the IJ erroneously denied his application for adjustment of status when it found he was inadmissible under 8 U.S.C. § 1182(a)(2)(A)(i)(II).  To qualify for adjustment of status, an alien bears the burden of establishing that he "is admissible to the United States for permanent residence." *Id.* § 1255(a).  An alien is inadmissible when he admits to "committing acts which constitute the essential elements of . . . a violation of . . . any law . . . relating to a controlled substance." *Id.* § 1182(a)(2)(A)(i)(II).

To determine the legal sufficiency of such an admission, the BIA has required that a petitioner be provided with the definition and essential elements of the crime prior to making the admission to ensure that "the alien would receive fair play and to preclude any possible later claim . . . that he had been unwittingly entrapped into admitting the commission of a crime involving moral turpitude." *In re K-*, 7 I. & N. Dec. 594, 597 (B.I.A. 1957).  We, however, subsequently ruled that the protections recognized in that decision are not applicable to testimony

4

given under oath in court while represented by counsel. *Urzua Covarrubias v. Gonzales*, 487 F.3d 742, 749 (9th Cir. 2007).

Here, Rodriguez admitted to possessing and smoking marijuana—a Schedule 1 controlled substance under 21 U.S.C. § 812(c)—several times a week for at least a year. Under 21 U.S.C. § 844(a), "[i]t shall be unlawful for any person knowingly or intentionally to possess a controlled substance unless such substance was obtained directly, or pursuant to a valid prescription." Because he voluntarily admitted to these facts under oath and with counsel present, his admission makes him inadmissible and therefore unable to adjust his status. *See Esquivel-Garcia v. Holder*, 593 F.3d 1025 (9th Cir. 2010).

4. Rodriguez last asserts that the BIA erred in affirming the IJ's decision because he also brought an adjustment of status claim under 8 U.S.C. § 1255(i) and a waiver of inadmissibility claim under 8 U.S.C. § 1182(h), but the IJ did not directly address those claims in his decision. Although an IJ's "decision shall . . . contain reasons for granting or denying the request," 8 C.F.R. § 1240.12, the BIA "may review questions of law, discretion, and judgment and **all other issues in appeals** from decisions of immigration judges de novo," *id.* § 1003.1(d)(3)(ii) (emphasis added). Because the BIA's consideration of Petitioner's claims under § 1255(i) and § 1182(h) did not require finding additional

facts, *see* § 1003.1(d)(3)(i), (iv), its decision to address those claims was not error, *see INS v. Abudu*, 485 U.S. 94, 105 (1988).

Turning to Petitioner's claims under § 1255(i) and § 1182(h), we affirm the BIA's ruling. As the BIA noted and Petitioner conceded, claims for adjustment of status under § 1255(i)—like § 1255(a)—require that the alien be "admissible to the United States for permanent residence." 8 U.S.C. § 1255(i)(2)(A). Because Petitioner admitted to a violation of 21 U.S.C. § 844(a), he is inadmissible and therefore ineligible for an adjustment of status under § 1255(i). *Id.* § 1182(a)(2)(A)(i)(II). Furthermore, although "[t]he Attorney General may, in his discretion, waive [inadmissibility] insofar as it relates to a **single** offense of simple possession of 30 grams or less of marijuana" under 8 U.S.C. § 1182(h) (emphasis added), Petitioner voluntarily admitted to possessing marijuana on many occasions. Accordingly, he is precluded from this discretionary waiver of inadmissibility, thereby making him ineligible for adjustment of status.

Petition **DENIED**.