**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 13 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FERNANDO SAMPU TEBALAN, AKA
Fernando Tebalan, AKA Fernando Tebalan
Sampu,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    16-72382

Agency No. A205-314-934

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 6, 2019[**]
Pasadena, California

Before:  SCHROEDER, FRIEDLAND, and R. NELSON, Circuit Judges.

Fernando Sampu Tebalan, a native and citizen of Guatemala, seeks review

of the Board of Immigration Appeals' ("BIA") final removal order, dismissing his

appeal from the immigration judge's ("IJ") decision denying his applications for

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

withholding of removal, protection under the Convention Against Torture ("CAT"), and voluntary departure. As the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 8 U.S.C. § 1252(a). We review the BIA's particularly serious crime determination for abuse of discretion and review the denial of withholding and CAT relief for substantial evidence. *Konou v. Holder*, 750 F.3d 1120, 1124, 1127 (9th Cir. 2014). We deny the petition for review.

The BIA did not abuse its discretion in affirming the IJ's conclusion that Petitioner's domestic violence conviction under California's Penal Code § 273.5(a) qualifies as a particularly serious crime, rendering him statutorily ineligible for withholding of removal and withholding of removal under the CAT. Our review is limited to whether the agency relied on the appropriate factors and proper evidence. *See Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1077 (9th Cir. 2015) (the court may not reweigh the evidence and reach its own conclusion in review of the agency's particularly serious crime determination). Here, the BIA and the IJ considered the relevant factors and applied them to the record evidence and there is no indication that the agency acted "arbitrarily, irrationally, or contrary to law." *Arbid v. Holder*, 700 F.3d 379, 385 (9th Cir. 2012). *See also Konou*, 750 F.3d at 1126–27 (listing factors to consider in determining whether a crime is particularly serious).

Next, we conclude that substantial evidence supported the BIA's denial of deferral of removal under the CAT because Petitioner failed to establish that it is more likely than not that he will be tortured by or with the acquiescence of the government of Guatemala.[1]

Finally, we lack jurisdiction to consider the agency's discretionary denial of voluntary departure relief. The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 precludes us from reviewing the BIA's discretionary denial of voluntary departures. 8 U.S.C. § 1229c(f); *Esquivel-Garcia v. Holder,* 593 F.3d 1025, 1030 (9th Cir. 2010); *Zazueta-Carillo v. Ashcroft*, 322 F.3d 1166, 1170 (9th Cir. 2003).

The petition for review is **DENIED.**

---

[1] The United States Supreme Court recently granted certiorari in *Nasrallah v. Barr*, No. 18-1432 (Oct. 18, 2019), which presents the question "[w]hether, notwithstanding Section 1252(a)(2)(C), the courts of appeals possess jurisdiction to review factual findings underlying denials of withholding (and deferral) of removal relief." Petition for a Writ of Certiorari, *Nasrallah v. Barr*, No. 18-1432 (May 14, 2019). We decide this case in accordance with current Ninth Circuit precedent, under which we have jurisdiction over Petitioner's challenge to the denial of deferral of removal under the CAT. *See Pechenkov v. Holder*, 705 F.3d 444, 448 (9th Cir. 2012). Because any determination by the Supreme Court that we lack jurisdiction would have no effect on the outcome of this case, we proceed under our existing caselaw.