NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SERGIO CHAVES ANGEL,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 23-471

Agency No.
A206-081-852

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 6, 2026[**]
San Francisco, California

Before:  M. SMITH and R. NELSON, Circuit Judges, and LEFKOW, District

Judge.[***]

Petitioner Sergio Chaves Angel is a native and citizen of Guatemala. Chaves

Angel petitions for review of a decision of the Board of Immigration Appeals

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Joan H. Lefkow, United States District Judge for the Northern District of Illinois, sitting by designation.

("BIA") affirming an Immigration Judge's ("IJ") denial of his post-conclusion request for voluntary departure.[1] We review both decisions "[w]here, as here, the BIA adopts the IJ's decision while adding some of its own reasoning." *Lopez-Cardona v. Holder*, 662 F.3d 1110, 1111 (9th Cir. 2011) (citing *Siong v. INS*, 376 F.3d 1030, 1036 (9th Cir. 2004)). "We review constitutional claims and questions of law *de novo* and review factual findings under the deferential substantial evidence standard." *Id.* We dismiss the petition for lack of jurisdiction.

1. Although this court has jurisdiction to review agency determinations of law, including mixed questions of law and fact decided under statutory factors, *see Wilkinson v. Garland*, 601 U.S. 209, 225 (2024), we lack jurisdiction to review the discretionary denial of a request for voluntary departure pursuant to 8 U.S.C. § 1229c(b)(1). *See* 8 U.S.C. §§ 1229c(f), 1252(a)(2)(B)(i); *Esquivel-Garcia v. Holder*, 593 F.3d 1025, 1030 (9th Cir. 2010) (citing 8 U.S.C. § 1229c(f)) (other citations omitted). In his petition for review, Chaves Angel challenges the agency's decision to deny him post-conclusion voluntary departure, claiming that he meets all the factors required for such relief. But the IJ found that Chaves Angel met the statutory requirements for post-conclusion voluntary departure. It merely denied

---

[1] The IJ also denied Chaves Angel's application for cancellation of removal. In his petition for review, Chaves Angel does not claim error in the agency's denial of cancellation of removal and his opening brief expressly states that he is not challenging this issue.

Chaves Angel voluntary departure in an exercise of discretion, which the BIA affirmed upon its own review. As such, Chaves Angel does not seek review of an agency determination of law but rather its exercise of discretion in denying him voluntary departure. We lack jurisdiction to review this discretionary determination. *Cf. Wilkinson*, 601 U.S. at 225 n.4 ("[I]f the IJ decides a noncitizen is eligible for cancellation of removal at step one, his step-two discretionary determination on whether or not to grant cancellation of removal in the particular case is not reviewable as a question of law.").

**PETITION DISMISSED.**[2]

---

[2] As Chaves Angel has not shown a likelihood of success on the merits, *Nken v. Holder*, 556 U.S. 418, 434 (2009), his motion to stay removal (Dkt. 3) is denied.