**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GERARDO GARCIA-PEREZ, AKA Gerardo Rey Perez, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 15-70019 <br><br> Agency No. A095-631-670 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 26, 2016[**]

Before:     SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

Gerardo Garcia-Perez, a native and citizen of Mexico, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's order of removal, and denying his motion to remand.

Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the denial of a motion to remand and the denial of a motion for a continuance. *Vargas-Hernandez v. Gonzales*, 497 F.3d 919, 923 (9th Cir. 2007).  We review de novo due process claims.  *Id*. at 921.  We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Garcia-Perez's motion to remand where Garcia-Perez failed to demonstrate that the new evidence he submitted would likely have changed the outcome of his case.  *See Shin v. Mukasey*, 547 F.3d 1019, 1025 (9th Cir. 2008) (a motion to remand must show that "if proceedings were reopened, the new evidence would likely change the result in the case" (citation omitted)).  To the extent Garcia-Perez contends that the BIA failed to state its reasons and show proper consideration of relevant factors, these contentions are not supported by the record.  *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) ("What is required is merely that [the BIA] consider the issues raised, and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." (citation and quotation marks omitted)).

We lack jurisdiction under 8 U.S.C. § 1252(a)(2)(B)(i) to review the agency's determination that Garcia-Perez did not merit relief from removal as a matter of discretion.  *See Vilchez v. Holder*, 682 F.3d 1195, 1198 (9th Cir. 2012)

(the court lacks jurisdiction to review the denial of cancellation of removal in the exercise of discretion); *Esquival-Garcia v. Holder*, 593 F.3d 1025, 1030 (9th Cir. 2010) (same, for voluntary departure).

The agency did not abuse its discretion in denying Garcia-Perez's motion for a continuance where he failed to show good cause. *See* 8 C.F.R. § 1003.29; *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1247 (9th Cir. 2008) ("The decision to grant or deny a continuance is in the sound discretion of the judge and will not be overturned except on a showing of clear abuse." (citation and quotation marks omitted)). Although Garcia-Perez contends that the BIA failed to address the continuance, the BIA reviewed the evidence submitted with Garcia-Perez's motion to remand and concluded that such evidence would not alter the agency's denial of relief as a matter of discretion. *See Najmabadi*, 597 F.3d at 990. Accordingly, Garcia-Perez's due process claim based on the agency's denial of the continuance fails for lack of error and prejudice. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and substantial prejudice to prevail on a due process claim).

To the extent Garcia-Perez contends that the agency violated due process based on its denial of relief as a matter of discretion, we lack jurisdiction over this claim because Garcia-Perez failed to exhaust it before the BIA. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010).

3                                                                    15-70019

We do not consider the extra-record evidence discussed in Garcia-Perez's opening and reply briefs because the court's review is normally limited to the administrative record.  *See* 8 U.S.C. § 1252(b)(4)(A) (judicial review is limited to the administrative record); *Dent v. Holder*, 627 F.3d 365, 371 (9th Cir. 2010) (stating standard for review of out-of-record evidence).

In light of this disposition, we need not address Garcia-Perez's remaining contentions regarding eligibility for relief.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**