
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TONY ERWIN MUNOZ CARRILLO, | No. 14-70914 |
| Petitioner, | Agency No. A095-752-601 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 14, 2017[**]

Before:    GOODWIN, FARRIS, and FERNANDEZ, Circuit Judges.

Tony Erwin Munoz Carrillo, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his applications for cancellation of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

removal and voluntary departure. Our jurisdiction is governed by 8 U.S.C. § 1252. We deny in part and dismiss in part the petition for review.

In his opening brief, Carrillo fails to sufficiently address, and has therefore waived any challenge to, the BIA's dispositive determination that Carrillo's absence from the United States for more than 90 days renders him ineligible for cancellation of removal. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996) ("Issues raised in a brief that are not supported by argument are deemed abandoned.").

We lack jurisdiction to review the BIA's discretionary denial of voluntary departure. *See Esquivel-Garcia v. Holder*, 593 F.3d 1025, 1030 (9th Cir. 2010). Carrillo's contention that the agency did not consider both positive and negative factors in evaluating whether to grant voluntary departure lacks support in the record and is not sufficiently colorable to invoke our jurisdiction. *See Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005) (absent a colorable legal or constitutional claim, the court lacks jurisdiction to review discretionary determinations).

We lack jurisdiction to consider Carrillo's unexhausted contention that he was denied a full and fair hearing. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th

Cir. 2010) (the court lacks jurisdiction to consider contentions not presented in an alien's administrative proceedings before the agency).

To the extent Carrillo contends that his two 2001 expedited removal orders violated due process, we lack jurisdiction to consider these contentions. *See* 8 U.S.C. § 1252(e)(2); *Garcia de Rincon v. Dep't of Homeland Sec.*, 539 F.3d 1133, 1138-39 (9th Cir. 2008) (noting that section 1252(e) only permits review of expedited removal orders in a habeas corpus petition).

We do not consider the new evidence referenced in Carrillo's opening brief. *See* 8 U.S.C. § 1252(b)(4)(A) (judicial review is limited to the administrative record).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part**.