**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JORGE PALACIOS-AGUILAR, | No. 13-73915 |
| Petitioner, | Agency No. A205-321-220 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 9, 2018
Pasadena, California

Before: GOULD and MURGUIA, Circuit Judges, and ZOUHARY,** District Judge.

Jorge Palacios-Aguilar is a native and citizen of Mexico who entered the

United States in 1988 without admission or parole. He was arrested in November

2012 for possession of methamphetamine and was referred for immigration

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Jack Zouhary, United States District Judge for the Northern District of Ohio, sitting by designation.

proceedings. The immigration judge (IJ) denied Palacios-Aguilar's requests for cancellation of removal and, in the alternative, voluntary departure. Before the Board of Immigration Appeals (BIA), Palacios-Aguilar argued that he had received ineffective assistance of counsel, but the BIA rejected that claim and concluded that Palacios-Aguilar had suffered no prejudice. The BIA also concluded that the IJ had appropriately exercised its discretion to deny voluntary departure.

We review claims for denial of due process in deportation proceedings *de novo*. *Castillo-Perez v. INS*, 212 F.3d 518, 523 (9th Cir. 2000). And we lack jurisdiction to review denials of voluntary departure. *Tovar-Landin v. Ashcroft*, 361 F.3d 1164, 1166 (9th Cir. 2004). Applying our legal standards, we deny in part Palacios-Aguilar's petition insofar as it relates to his claim that ineffective assistance of counsel offended due process, and we dismiss in part his petition insofar as it relates to the denial of voluntary departure.

Palacios-Aguilar appeared before the IJ three times. First, he appeared in November 2012 without counsel and said that he wanted to proceed without gaining counsel. At that time he testified that he had been convicted of possession of methamphetamine, that he had illegally entered the country, and that he had no fear of harm if returned to Mexico. The IJ found Palacios-Aguilar removable and that the only relief available to him was voluntary departure. The IJ continued the proceedings for Palacios-Aguilar to retain counsel. Second, he appeared at the

December 2012 hearing, and he was then represented. Counsel asked for cancellation of removal, and in the alternative, voluntary departure. The IJ concluded that cancellation of removal was not available because of Palacios-Aguilar's drug possession conviction, but was inclined to grant voluntary departure. Palacios-Aguilar asked for time to get his affairs in order, and the IJ continued the proceedings. Third, he appeared at the January 2013 hearing, at which time the IJ was ready to grant voluntary departure, but Palacios-Aguilar said that he did not want to leave his children.

The IJ ordered Palacios-Aguilar removed on January 17, 2013, and Palacios-Aguilar appealed. On October 13, 2013, the BIA affirmed the IJ's decision and ordered Palacios-Aguilar removed. The BIA concluded that Palacios-Aguilar had not shown any prejudice to support his ineffective assistance of counsel claim, and that the IJ did not err in denying him voluntary departure. Palacios-Aguilar was then removed.[1]

1. Palacios-Aguilar argues that the BIA incorrectly concluded that he had not shown prejudice. The BIA correctly concluded that although Palacios-Aguilar had met the requirements of *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988), he had not shown that he suffered prejudice from any error his counsel may have made.

---

[1]On November 9, 2013, Palacios-Aguilar illegally reentered the United States, and he is currently detained for the reentry.

3

*See Kwong v. Holder*, 671 F.3d 872, 880 (9th Cir. 2011) (requiring a petitioner to show (1) that counsel failed to perform with competence and (2) that he was prejudiced by counsel's performance). Palacios-Aguilar does not allege that he told his prior counsel of some fear that his counsel failed to act on. *See Azanor v. Ashcroft*, 364 F.3d 1013, 1023 (9th Cir. 2004). He does not allege that there is evidence in the record that could establish fear of harm or torture. *See Munoz v. Ashcroft*, 339 F.3d 950, 955 (9th Cir. 2003) (concluding that because the record contained no evidence that could establish a well-founded fear of persecution, the petitioner could not show that the counsel's deficient performance prejudiced him). It was Palacios-Aguilar's own testimony that he had no fear of harm or torture if returned to Mexico that precluded him from establishing prima facie eligibility for other forms of relief. The BIA did not err in concluding that Palacios-Aguilar had not shown prejudice.

2. We dismiss Palacios-Aguilar's claim that the IJ erred by denying his request for voluntary departure. Appellate courts ordinarily lack jurisdiction to review denials of voluntary departure, including statutory eligibility for voluntary departure because of 8 U.S.C. §§ 1252(a)(2)(B)(i) and 1229c(f), but retain jurisdiction if the denial raises a constitutional claim or a question of law. *Corro-Barragan v. Holder*, 718 F.3d 1174, 1176–77 (9th Cir. 2013).

Palacios-Aguilar's arguments on this issue are not constitutionally based and

do not raise questions of law. Palacios-Aguilar argues that the BIA erred by finding that he was ineligible for pre-conclusion voluntary departure, and that the IJ erred by relying on his testimony that he did not want to be separated from his family in denying his request for voluntary departure. These are disputes over the facts that the IJ and BIA found: The first questions whether the BIA incorrectly found that he had not withdrawn his request for cancellation of removal, and the second questions the IJ's interpretation of his statements that "I have to come back here, my children are here attending school, they're studying," and "I do not want to be separated from my children, please." We do not have jurisdiction to review these factual disputes. *See Corro-Barragan*, 718 F.3d at 1177 (affirming that we lack jurisdiction to review discretionary denials of voluntary departure); *see also Esquivel-Garcia v. Holder*, 593 F.3d 1025, 1030 (9th Cir. 2010).

**PETITION DENIED in part, DISMISSED in part.**