**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CARLOS AGUILAR CALDERON,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    15-72343

Agency No. A096-316-038

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 7, 2019[**]

Before:  THOMAS, Chief Judge, HAWKINS and MCKEOWN, Circuit Judges.

Carlos Aguilar-Calderon, a native and citizen of Mexico, petitions for

review of the Board of Immigrations Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his application for

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

withholding of removal and voluntary departure.  Our jurisdiction is governed by 8 U.S.C. § 1252 and we deny in part and dismiss in part the petition.

We review questions of law de novo, *Cerezo v. Mukasey,* 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004).  We review for substantial evidence the  agency's factual findings.  *Singh v. Whitaker*, 914 F.3d 654, 658 (9th Cir. 2019). Aguilar-Calderon identified that he was a member of a social group made up of returning deportees who could be recruited by a gang.  The agency did not err in finding that Aguilar-Calderon failed to establish membership in a particular social group.  *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question.'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))); *see also Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151-52 (9th Cir. 2010).

To the extent Aguilar-Calderon claims he will be subject to persecution based on general conditions of crime in Mexico, "an alien's desire to be free from

2

harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground." *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010). Thus, the BIA's decision is supported by substantial evidence.

We lack jurisdiction to review the discretionary determination, made by the IJ and adopted by the BIA, that Aguilar-Calderon is ineligible for voluntary departure. 8 U.S.C. § 1229c(f); *Esquival-Garcia v. Holder*, 593 F.3d 1025, 1030 (9th Cir. 2010). Despite Aguilar-Calderon's arguments to the contrary, the IJ found him ineligible because he made material misrepresentations regarding his membership in a gang – a discretionary decision. Thus, we dismiss this portion of the petition.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**