NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 21 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RODRIGO SALVADOR NAVEDA-
MENA,

                    Petitioner,

  v.

MERRICK B. GARLAND, Attorney
General,

                    Respondent.

No. 19-73200

Agency No. A205-147-891

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 11, 2021**
Seattle, Washington

Before:  W. FLETCHER, WATFORD, and COLLINS, Circuit Judges.

     Rodrigo Naveda-Mena, a citizen and native of Mexico, petitions for review

of the decision of the Board of Immigration Appeals ("BIA") dismissing his appeal

from an order of the Immigration Judge ("IJ") denying his application for

voluntary departure as a matter of discretion.  Although we generally lack

jurisdiction to review the agency's decision to deny voluntary departure, *see*

---

* This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes that this case is suitable for decision without
oral argument.  *See* FED. R. APP. P. 34(a)(2)(C).

8 U.S.C. § 1229c(f); *Esquivel-Garcia v. Holder*, 593 F.3d 1025, 1030 (9th Cir. 2010), we retain jurisdiction "over questions of law in denials of discretionary relief, including voluntary departure," *Corro-Barragan v. Holder*, 718 F.3d 1174, 1176 (9th Cir. 2013); *see also* 8 U.S.C. § 1252(a)(2)(D). To the extent we have jurisdiction, we review legal questions de novo. *Hamazaspyan v. Holder*, 590 F.3d 744, 747 (9th Cir. 2009). We dismiss the petition for lack of jurisdiction in part and deny it in part.

1. We have jurisdiction over Naveda-Mena's claim that the agency failed to balance favorable and unfavorable factors in denying his request for voluntary departure. *See Mendez-Castro v. Mukasey*, 552 F.3d 975, 979 (9th Cir. 2009) ("We have held that whether [the agency] failed to apply a controlling standard governing a discretionary determination is a question over which we have jurisdiction under § 1252(a)(2)(D)."). We reject this claim. Even assuming that the IJ's decision fails to show that the IJ applied the relevant balancing test, any error was harmless because the BIA clearly did so on its de novo review. *See Brezilien v. Holder*, 569 F.3d 403, 411 (9th Cir. 2009). The BIA explicitly recognized "the positive equities reflected in the record, including that the respondent is married to a United States citizen who filed a visa petition . . . on his behalf, which the U.S. Citizenship and Immigration Services approved." It also recognized "that the respondent and his wife have two children, ages 5 and 1, and

2

that he is the sole breadwinner for the family." However, in reviewing the IJ's decision de novo, the BIA concluded that "the seriousness, dangerousness, and extent of [Naveda-Mena's] criminal record outweighs these positive equities." Because the BIA applied the appropriate balancing test de novo, there was no legal error in this respect.

2. We lack jurisdiction to review Naveda-Mena's contention that, in denying voluntary departure, the agency gave undue weight to his 2010 admissions to police that he had participated in cocaine trafficking. The BIA acknowledged Naveda-Mena's arguments on this score and concluded that "there is no evidence that his admissions to the authorities at the time of his arrest were in any way coerced, under duress, or incorrect." Naveda-Mena argues that a different assessment in the balance of favorable and unfavorable factors was warranted in light of the circumstances under which the statements were made and his contentions about the underlying events. These arguments do not raise any legal question but instead challenge the agency's ultimate exercise of discretion, which we lack jurisdiction to review. *See Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005). Likewise, to the extent that Naveda-Mena challenges the ultimate result of the BIA's balancing of factors—a question that would require us to "reweigh evidence and substitute our view in place of the [BIA's] discretionary

decision"—we lack jurisdiction to review that claim. *See Galeano-Romero v. Barr*, 968 F.3d 1176, 1184 (9th Cir. 2020).

The petition for review is **DISMISSED** in part and **DENIED** in part.